UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK ANTHONY TROXLER                CIVIL ACTION NO. 25-cv-074 LEAD

VERSUS                              JUDGE S. MAURICE HICKS, JR.

DENIS MCDONOUGH ET AL               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Dr. Mark Troxler filed this civil action and asserted violations of the ADA and other alleged acts of employment discrimination.  The U.S. Attorney appeared on behalf of the Secretary of the Department of Veterans Affairs and filed a motion to stay the case during a government shutdown.  The request was granted.  After appropriations were restored, the U.S. Attorney filed a motion to lift the stay.  The motion noted the recent inundation of this district with habeas petitions related to immigration disputes, which have imposed a tremendous burden on the U.S. Attorney and the court, and requested 21 days to file responsive pleadings.  The undersigned granted the request.  Doc. 60.

Dr. Troxler earlier filed an appeal to Judge Hicks of the shutdown stay and three other orders issued by the undersigned.  Judge Hicks recently issued a memorandum ruling (Doc. 61) that denied Troxler's appeal of the stay order—because it is now moot—and affirmed the other orders.  The ruling included an observation that Troxler has "repeatedly filed motions and appeals challenging routine rulings" that lacked "any arguable legal or factual basis."  Troxler was warned that he should carefully review applicable standards

before submitting additional motions or appeals and should refrain from filing pleadings that lack a legitimate legal basis.

Four days after Judge Hicks' ruling issued, Dr. Troxler filed a document titled Denial for Motion by Defendant to Delay this Case Further by U.S. Magistrate Judge Mark L. Hornsby. The filing also included the title Affidavit to Overrule Defendant Motion to Delay this Case Further and Grant a Default Judgment. Doc. 63. The filing discusses Troxler's five previous requests for default judgment that he says are based on the failures of the Assistant United States Attorney who is handling this case.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." Amos v. Palmetto Gov't Benefit Adm'r, 122 Fed. Appx. 105, 109 (5th Cir. 2005). The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999).

Even if Troxler filed evidence of valid service and showed that the defendant did not timely respond, Federal Rule of Civil Procedure 55(d) prevents a default judgment from being entered against the government because of a mere procedural default. It provides: "A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." That requirement must be met by a showing of substantial evidence supporting the movant's claim. Benavides v. Trump, 2019 WL 8273464, *3 (W.D. Tex. 2019). See also Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2702 (4th ed.). It is readily apparent that the government intends to defend this litigation, and Troxler has not demonstrated by

substantial evidence that he is entitled to relief.  There is zero chance that any of Troxler's requests for default judgment would withstand legal review.  Troxler should immediately cease making meritless requests for a default judgment.

Troxler's most recent filing is filled with personal attacks on counsel that will not be repeated here.  The primary reason for this order is to warn Dr. Troxler as clearly as possible that such personal and unprofessional attacks on counsel will not be allowed to continue without consequences.  If Troxler continues to file documents with such inappropriate personal commentary and attacks, the court will consider dismissing his case as an appropriate sanction.  Dr. Troxler has now twice been warned about filing meritless or improper submissions.  There may not be a third warning.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge